IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 25 WELFARE FUND, | ) ) ) | |
| PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 25 PENSION FUND, | ) ) ) | |
| PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 25 JOINT APPRENTICESHIP FUND, | ) ) ) | CIVIL ACTION  NO. |
| PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 25 INDUSTRY ADVANCEMENT FUND, | ) ) ) ) | JUDGE |
| PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 25, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| ALL TEMP REFRIGERATION, INC., an Iowa corporation, | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

The Plaintiffs, PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 25 WELFARE FUND, PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 25 PENSION FUND, PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 25 JOINT APPRENTICESHIP FUND, PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 25 INDUSTRY ADVANCEMENT FUND and PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 25, by their attorneys, complaining of the Defendant, ALL TEMP REFRIGERATION, INC., an Iowa corporation, allege as follows:

## COUNT I
## (BROUGHT UNDER ERISA)

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

2. Plaintiffs are various welfare, pension and related joint, labor-management funds and bring this action as "employee welfare benefit funds" and "plans" under ERISA. Plaintiffs Funds are administered within this district and division at 4600 46th Avenue, Rock Island, Illinois.

3. Defendant is obligated to make fringe benefit contributions to the Funds, under the terms of the Agreements and Declarations of Trust, establishing and outlining the administration of these Funds, and, pursuant to the terms of a collective bargaining agreement adopting these Agreements and Declarations of Trust and entered into by Defendant with Plumbers Local 25.

4. As an employer obligated to make fringe benefit contributions to the Funds, Defendant is specifically required to do the following:

(a) To submit to Plaintiffs for each month, by the 15th day of the month following the month for which the report is made, a report stating the names, social security numbers, and total hours worked in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiffs; or, if no such persons are employed for a given month, to submit a report so stating;

(b) To accompany the aforesaid reports with payment of contributions based upon an hourly rate as stated in the applicable agreements;

    (c)    To make all of its payroll books and records available to Plaintiffs for the purpose of auditing same, to determine whether Defendant is making full payment as required under the applicable agreements;

    (d)    To compensate Plaintiffs for the additional administrative costs and burdens imposed by Defendant's failure to pay, or untimely payment of, contributions, by way of the payment of liquidated damages in the amount of ten (10%) percent of any and all contributions which are not timely received by Plaintiffs for a particular month, as specified fully in Paragraph 4(a) above, together with interest as provided in ERISA, 29 U.S.C. §1132(g);

    (e)    To pay any and all costs incurred by Plaintiffs in auditing Defendant's payroll records, should it be determined that Defendant was delinquent in the reporting or submission of all contributions required of it to be made to Plaintiffs;

    (f)    To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions;

    (g)    To furnish to Plaintiffs a bond with good and sufficient surety thereon, in an amount acceptable to Plaintiffs, to cover future contributions due the Plaintiffs.

5.    Defendant is delinquent and has breached its obligations to Plaintiffs and its obligations under the plans in the following respects:

    Defendant has failed to make payment of contributions, liquidated damages, and audit fees based upon an audit of the Defendant's payroll records for the period January 1, 2015 through June 30, 2017 showing Defendant to have been delinquent in the payment of contributions and to have reported hours worked by its employees incorrectly to Plaintiffs.

6.    That upon careful review of all records maintained by Plaintiffs, and after application of any and all partial payments made by Defendant, there is a total of at least $2,381,865.40 believed to be due to Plaintiffs from Defendant, subject however to the possibility that additional monies may be due Plaintiffs from Defendant based upon Defendant's failure to submit all required reports, or to accurately state all hours for which contributions are due on reports

previously submitted, and subject further to the possibility that additional contributions and liquidated damages will become due during the pendency of this lawsuit.

    7.    Plaintiffs have requested that Defendant fully perform its obligations as aforesaid, but Defendant has failed and refused to so perform.

    8.    Defendant's continuing refusal and failure to fully perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs pray:

(A)     That judgment be entered in favor of Plaintiffs and against Defendant for all unpaid contributions, liquidated damages, any costs of auditing Defendant's records, accrued interest, and Plaintiffs' reasonable attorneys' fees and court costs necessarily incurred in this action as specified herein, or as subsequently determined, all as provided for in the plan and in ERISA;

(B)     That Plaintiffs have such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

## COUNT II
### (BROUGHT UNDER THE LMRA)

    1.    This action arises under the laws of the United States and is brought pursuant to the terms of the Labor-Management Relations act of 1947, as amended, 29 U.S.C. §185. Jurisdiction is based on the existence of questions arising thereunder as hereinafter more fully appears. The rights asserted herein arise from the same series of transactions as Count I, and there are common questions of law and facts to both Counts.

    2.    Plaintiff, PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 25 (hereinafter "Local 25" or "Union"), is the labor union party to the aforesaid collective bargaining agreement

authorized thereby to collect deductions from employees' wages covered by the collective bargaining agreement for each hour worked.

3.     Pursuant to the aforesaid collective bargaining agreement, Defendant has agreed to deduct from the wages of those of its employees performing work covered by said collective bargaining agreement sums of money as and for working assessments, which monies are to be payable monthly to the Union, along with Defendant's regular fringe benefit reports and contributions as described in Count I of this Complaint.

4.     Defendant has deducted or has been required to deduct amounts for working assessments from the wages of its employees as required by the collective bargaining agreement and written employee authorizations for wage deduction, but has failed and refused to remit any part of such monies so deducted to the Union, instead converting such monies to its own use.

5.     The total amount of money which Defendant has failed to remit in violation of the collective bargaining agreement is at least $192,942.15, subject however to the possibility that additional monies may be due Local 25 from Defendant based upon Defendant's failure to submit all required reports, or to accurately state all amounts due on reports previously submitted, and subject further to the possibility that additional amounts will become due during the pendency of this lawsuit.

6.     The Defendant's acts and omissions as described herein constitute a breach of the collective bargaining agreement and entitle the Union to recover from Defendant all monies which Defendant was required to remit to the Union, whether deducted from wages or not, and whether traceable or untraceable commingled with Defendant's assets, and further entitle the Union to recover from Defendant its damages for breach of Defendant's obligations.

WHEREFORE, Plaintiff Building Fund prays:

(A)   That judgment be entered in its favor and against Defendant for all sums determined to be due Defendant to Plaintiff Local 25;

(B)   That Local 25 recover from Defendant its damages and all costs of collection and recovery, including its reasonable attorneys' fees and costs;

(C)   That Local 25 have such further relief as may be considered just and equitable by the Court, all at Defendant's cost.

/s/   Patrick N. Ryan

Catherine M. Chapman
Patrick N. Ryan - Lead Counsel
Cecilia M. Scanlon
Attorneys for the Plaintiffs
Baum Sigman Auerbach & Neuman, Ltd.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6278364
Telephone:  (312) 216-2573
Facsimile: (312) 236-0241
E-Mail: pryan@baumsigman.com

I:\25j\All Temp Refrigeration\complaint.pnr.df.wpd